FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 1 0 2013

DAVID J. MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:13CR *178* |
| | § | Judge *Schell* |
| JORDAN EARLS | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

**Violation:** 18 U.S.C. § 2251(a) and
(e) (Production of Child Pornography)

On or about February 1, 2013, in the Eastern District of Texas and elsewhere, **Jordan Earls**, defendant, did use, persuade, induce and entice a minor, V.E., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that was produced using materials that had been mailed, transported, and shipped in interstate and foreign commerce, and knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate and foreign commerce. Specifically, **Earls** used a cellular telephone to use, persuade, induce, and entice V.E. to create a visual depiction involving the lewd and lascivious display of V.E.'s genitalia while her fingers were penetrating her anus.

In violation of 18 U.S.C. § 2251(a) and (e).

### Notice of Intent to Seek Criminal Forfeiture

As a result of committing the offense alleged in this Indictment, **Earls** shall forfeit to the United States his interest in the following property, including but not limited to:

1.  any property, real or personal, used or intended to be used to commit or to

facilitate the commission of this violation; and

2. any property, real or personal, that constitutes or is derived from proceeds traceable to this violation.

Moreover, if any property subject to forfeiture, as a result of any act or omission by the

defendant:

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with a third party;
3. has been placed beyond the jurisdiction of the court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be subdivided without difficulty.

This property is forfeitable pursuant to 18 U.S.C. § 2253(a) based upon the property being:

1. any visual depiction described in section . . . 2252 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
2. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; or
3. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest the

defendant has in this property is vested in and forfeited to the United States.


A TRUE BILL


_____
GRAND JURY FOREPERSON


JOHN M. BALES
UNITED STATES ATTORNEY


_____
MANDY GRIFFITH
Assistant United States Attorney

_____
Date  7-10-13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:13CR |
| | § | Judge |
| JORDAN EARLS | § | |

## NOTICE OF PENALTY

### Count One

**Violation:**     18 U.S.C. § 2251(a) and (e)
Production of Child Pornography

**Penalty:**     Imprisonment for not less than fifteen years nor more thirty years; but if the defendant has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography or sex trafficking of children, such person shall be imprisoned for not less than twenty-five years and not more than fifty years; but if the defendant has two or more convictions as described above, such person shall be imprisoned for not less than thirty-five years or for life; a fine of not more than $250,000; and a term of supervised release of not less than five years to life.

**Special Assessment:** $100.00